UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

RICHARD HUGH LIVINGSTON,

        Debtor.

_____/

Case No. DK 09-07953
Hon. Scott W. Dales
Chapter 7

<u>OPINION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

This matter is before the court upon the Debtor's Motion to Award Damages to the Debtor for Creditor Bremer & Bouman's Willful Violation of the Bankruptcy Stay and Refusal to Cooperate to Reverse Civil Complaint Actions (the "Motion," DN 87), and the response to the Motion that Bremer & Bouman Heating & Cooling, Inc. (the "Creditor") filed. *Pro se* debtor Richard Livingston (the "Debtor") filed the Motion to recover alleged damages for willful violations of the automatic stay during a prior (and now-dismissed) bankruptcy case. The court heard argument on June 9, 2011, and took the matter under advisement. As explained below, the court will deny the Motion for lack of standing.

The Debtor has filed three separate chapter 11 petitions, the first two of which the court dismissed for failure to file the necessary documents. *See In re Richard Livingston*, Case No. 08-03925 (dismissed December 11, 2008); *In re Richard Livingston*, Case No. 09-00314 (dismissed March 13, 2009); *In re Richard Livingston,* Case No. 09-07953. The Debtor alleges that while his second case was pending and the automatic stay was still in effect,[1] the Creditor commenced a small claims action against him. The state court entered a default judgment (the

---

[1] Due to the Debtor's multiple filings, the automatic stay in his second case was in effect for only thirty-days from the date of the second petition filing on January 15, 2009. The Debtor did not request that the automatic stay be continued by filing a motion under 11 U.S.C. § 362(c).

"Default Judgment") against the Debtor on March 11, 2009, two days before the bankruptcy court dismissed his second bankruptcy case, but almost a month after the automatic stay expired, on or about February 14, 2009.

On July 2, 2009, the Debtor filed a third bankruptcy petition, but this time the automatic stay never took effect because he had filed two prior cases within the previous year. *See* 11 U.S.C. § 362(c)(4)(A)(i). During this third case, the Debtor took steps to appeal the state court's Default Judgment, but met with no success. On May 20, 2010, the bankruptcy court granted the Debtor a discharge which, as the Creditor conceded on the record, voided the Default Judgment. *See* 11 U.S.C. § 524(a)(1).

Despite his discharge, the Debtor continued to challenge the Default Judgment and also filed the present Motion to hold the Creditor liable for damages arising from its alleged willful violations of the automatic stay, which occurred, if at all, before his third (and present) bankruptcy case. The Creditor vigorously opposes the Motion, asserting there is no automatic stay in the pending case and if a stay violation occurred, the Debtor cannot bring an action in the present case for conduct that occurred during a previous (and now dismissed) case. The court accepts the Creditor's premise to the extent that if there were a violation of the stay, it occurred prior to the current bankruptcy petition date.

Assuming for the sake of argument that the Creditor committed an actionable violation of the stay against the Debtor, the Debtor's right to recover for that violation was included within his third bankruptcy estate under 11 U.S.C. § 541(a). A debtor, however, loses standing to pursue any cause of action that he owned prepetition because "all legal or equitable interests of the debtor" in property at the start of the case -- including causes of action -- comprise the bankruptcy estate. *See* 11 U.S.C. § 541(a); *see also Cottrell v Schilling (In re Cottrell)*, 876 F.2d

540 (6th Cir. 1989); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (*citing In re Tvorik*, 83 B.R. 450 (Bankr. W.D. Mich. 1988)).  After a debtor files a bankruptcy petition, the bankruptcy trustee, not the debtor, is the representative of the bankruptcy estate and the person with standing to prosecute, or decline to prosecute, causes of action included within that estate.  11 U.S.C. § 323 (trustee is representative of estate and may sue or be sued).  Moreover, a cause of action included within the property of the estate generally remains within the trustee's control until he or she sells, abandons, or otherwise disposes of the claim under one of several Bankruptcy Code sections.  *See, e.g.,* 11 U.S.C. §§ 363, 554 & 725.[2]

A review of the Debtor's schedules in his third case reveals that he neither scheduled nor exempted any claims against the Creditor.  As a result, any claim that the Debtor might have held against the Creditor remains property of the bankruptcy estate, within the trustee's purview.  Under these circumstances, and as a matter of law, the Debtor lacks standing to pursue recovery.  *Bauer,* 859 F.2d at 441; *Tvorik*, 83 B.R. at 453.  Standing is a limitation of the court's authority and an "absolute jurisdictional requirement to sue in federal court," which prevents the court from reaching the merits of this dispute.  *Sharp v. Oakwood United Hosps.*, 458 F. Supp. 2d 463 (E.D.Mich 2006) (*citing Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464 (1982)).

Because standing is jurisdictional, the court has a duty to raise the issue *sua sponte* and must take care not to exceed its authority.  Accordingly, the court does not reach the merits of the Motion, and must deny it without prejudice to renewal by a person with standing to pursue the claim.

---

[2] Some courts regard exempt property as no longer included within the bankruptcy estate, but this view is difficult to square with the Supreme Court's decision in *Schwab v. Reilly*, 130 S. Ct. 2652 (2010), which effectively authorized the trustee to sell property under 11 U.S.C. § 363(b) even though the debtor, without objection from the trustee, claimed the full value of the property as exempt under 11 U.S.C. §522.  In other words, *Schwab* suggests that the personal property remains within the estate notwithstanding an exemption of an interest in that property.

On June 20, 2011, following oral argument, the Debtor filed a Motion to Add Cause of Action for Emotional Distress to Bremer & Bouman's Willful and Ongoing Violation of Automatic Bankruptcy Stay ("Second Motion," DN 96).  The reasons set forth in this Opinion and Order for denying the Motion apply equally to the Second Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 87) and the Second Motion (DN 96) are DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Bremer & Bouman Heating & Cooling, Inc., Richard Hugh Livingston, Mr. Thomas R. Tibble, Marcia R. Meoli, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: June 23, 2011**